**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: January 07, 2008**

Charles M. Caldwell
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: **Cherlyn A Williams** | : | Case No. **07-58283** |
| | : | (Chapter 13) |
| SSN xxx-xx-**9664** | : | Judge **Caldwell** |
| xxx-xx- | : | |
| Debtor(s) | | |

**ORDER CONFIRMING CHAPTER 13 PLAN**

This matter is before the Court in respect to confirmation of the Chapter 13 plan filed herein and amendments thereto, if any.

1. The plan complies with the provisions of Chapter 13 of Title 11 of the United States Code, and other applicable provisions of that Title;
2. All fees, charges, or amounts required under Title 28 of the United States Code, or by the plan, to be paid before confirmation, have been paid;
3. The plan had been proposed in good faith and not by any means forbidden by law;
4. The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;
5. With respect to each allowed secured claim provided for by the plan: the holder of such claim accepts, or is deemed to accept, the plan; the plan provides that the holder of such claim retain the lien securing such claim, and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or the debtor surrenders the property securing such claim to such holder;
6. The debtor will be able to make all payments under the plan and to comply with the plan;
7. If applicable, good cause has been shown with respect to the duration of the plan being more than thirty-six (36) months but not longer than five (5) years;
8. The discount factor mandated by 11 U.S.C. §1325(a)(5)(B)(ii) is set out in the plan or stipulated by the parties.

It is therefore ORDERED that the plan of the debtor is hereby confirmed, subject to the following terms, conditions and restrictions:

A. Monthly payments until plan is completed, but not to exceed 60 months.
B. The debtor shall forthwith, and until further order of the Court, pay the periodic payments called for in the plan to the Chapter 13 Trustee: CHAPTER 13 TRUSTEE, PO BOX 71-0795, COLUMBUS, OHIO 43271-0795 for the purpose of affecting this plan and the trustee shall deposit such payments and make disbursements in accordance with the law and any current General Order of Distribution entered by, and on file with, the Court, and any subsequent Orders.
C. During the pendency of the plan confirmed herein, all property of the estate, as defined in §1306(a) of Title 11 of the United States Code, is within the exclusive jurisdiction of the Court and the debtor shall not, without the appropriate consent of the Chapter 13 Trustee, or the Court, sell or otherwise dispose of or transfer such property other than in accordance with the terms of the plan confirmed herein.
D. The debtor shall maintain insurance as required per local bankruptcy rules.
E. The debtor shall not incur additional debt in an amount exceeding $1000 without approval of the Chapter 13 Trustee.
F. The value of property which is the subject of a security interest shall be the lesser of the value set forth in the debtor's schedules or the value set forth in the proof of claim, unless a different value is stipulated by the parties or determined by Court order.
G. The attorney for the debtor is allowed a fee per the attorney compensation statement provided the statement does not request fees in excess of $3000.00.
H. Other provisions include: See plan as filed or amended.

**(  )  If checked, all allowed unsecured claims shall receive simple interest at the judgment interest rate until paid, in light of the solvent nature of this estate, and the requirements of §1325(a)(4) of the Bankruptcy Code.**

SERVE ALL PARTIES

###